**Zhen XU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 03–40544–AG.**

United States Court of Appeals, Second Circuit.

Dec. 7, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Jim Li, New York, New York, for Petitioner.

Matthew B. Kall, Assistant United States Attorney, Office of the United States Attorney for the Northern District of Ohio, Cleveland, Ohio, for Respondent.

Present: WALKER, Chief Judge, CALABRESI, and POOLER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED AND DE-CREED that the petition for review is DENIED.

Zhen Xu petitions for review of an order of the BIA denying her untimely motion to reopen her deportation proceedings. We assume the parties' familiarity with the facts, procedural history, and specification of appellate issues.

A motion to reopen must be filed within ninety days of the date on which the final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R. 1003.2(c)(2). However, even if the ninety-day statute of limitations has passed, the BIA may entertain a motion to reopen in the interest of justice, and, for example, for "asylum claims which arise due to a change in circumstances in the country of the alien's nationality after the initiation of the deportation proceedings." *See Iavorski v. INS,* 232 F.3d 124, 131 (2d Cir.2000) (quoting H.R. Conf. Rep. No. 101–955 at 133 (1990)); *see also* 8 C.F.R. 1003.2(c). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam).

■ Our Court recently held that a change in "personal" circumstances, such as the birth of a child in the United States, does not fit under the "changed circumstances" exception to 8 C.F.R. 1003.2(c). *See Zheng v. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005) (per curiam); *see also Guan v. BIA,* 345 F.3d 47, 49 (2d Cir.2003) (noting in *dicta* that

the petitioner, whose asylum claim had been denied prior to the birth of her two children and who asserted that she would be subject to forcible sterilization if returned to China, had merely presented evidence of changed personal circumstances, which did not fit under the exception set forth in 8 C.F.R. 1003.2(c)). Accordingly, the BIA did not abuse its discretion in denying Xu's motion to reopen with respect to her claim that she had given birth to two children in the United States. To the extent that Xu argues in her appellate brief that her motion to reopen was a motion to file a successive, untimely asylum application pursuant to 8 U.S.C. § 1158(a)(2)(D), this argument is without merit because, in her motion, Xu specifically requested to reopen her deportation proceedings and she did not indicate that the motion was filed pursuant to § 1158(a)(2)(D)[2]

■ Moreover, the BIA did not abuse its discretion in denying her motion to reopen on the basis that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, which recognizes that a person who has been forced to abort a pregnancy or to undergo involuntary sterilization is deemed to have been persecuted on account of political opinion, changed the law existing at the time Xu's application for asylum was denied. In her original asylum application, Xu did not assert that she had been persecuted on the basis of the Chinese family planning policy, nor

was her application denied on this ground. Accordingly, the intervening change in law did not affect Xu's application.

For these reasons, the petition for review and all pending motions are denied.

---

2. We note that the administrative remedy provided in § 1158(a)(2)(D) may still be open to Xu, notwithstanding that the BIA did not abuse its discretion in denying her motion to reopen her deportation proceedings. *See* 8 U.S.C. § 1158(a)(2)(D) (a successive, untimely application for asylum may be considered if the applicant can demonstrate to the Attorney General's satisfaction "changed circumstances which materially affect the applicant's eligibility for asylum"); *Guan,* 345 F.3d at 49 (observing that the petitioner could request

the BIA's permission to file a successive, untimely asylum application pursuant to § 1158(a)(2)(D), notwithstanding that the BIA did not abuse its discretion in denying the petitioner's motion to reopen deportation proceedings). We offer no comment on the merits, in Xu's case, of such a petition.

